IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK DON KILMER, | ) No. C 10-2141 SBA (PR) |
| Plaintiff, | ) |
| v. | ) **ORDER OF DISMISSAL** |
| OFFICER JOHN DOE, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff Fredrick Don Kilmer is a state prisoner who is currently incarcerated at High Desert State Prison. He has filed this pro se civil rights action under 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis (IFP) has been granted. Venue is proper in this district because the acts complained of occurred in San Francisco County. 28 U.S.C. §§ 84(a), 1391(b).

## BACKGROUND

In his complaint, Plaintiff accuses Officer "John Doe," as well as arresting officers and investigating officers from the San Francisco Police Department, of failing to secure his property during his arrest on July 21, 2008. (Compl. at 4.) Plaintiff alleges that his home sustained "thousands of dollars in damage by graffitti [sic] inside and out, along with the loss of [his] property." (Id.) Specifically, Plaintiff claims that the burglars "proceeded to vandelize [sic] and steal [his] personal belongings, business equipment and tools, i.e.: computer, phone system, satalite [sic] system, power tools and ect [sic]." (Id.) Plaintiff also alleges discriminatory action against the perpetrators of the vandalism and burglary. (Id. at 9.) Plaintiff seeks monetary damages and compensation for the "monetary loss of all [his] property and vehicles." (Id. at 9.)

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

In his complaint, Plaintiff alleges that unnamed officers failed to properly secure his property during his arrest, causing his home to be burglarized and vandalized. Even if Plaintiff is able to establish that these unnamed officers failed to secure his home and property, his remedy does not lie in federal court. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). California Law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations involve a random and unauthorized deprivation of property; therefore, they do not give rise to a cognizable § 1983 claim. His proper remedy, if any, lies in state court.

Plaintiff also alleges that the burglary and vandalism of his home is classified as a "hate crime" and seeks further investigation to "possibly bring an indictment against the perpirators [sic] of the crime." (Compl. at 9.) These unnamed perpetrators cannot be sued under § 1983. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Because these unnamed perpetrators are not state actors, they are not amenable to suit under

2

§ 1983.  Therefore, Plaintiff's allegations against these unnamed perpetrators -- relating to what he claims should be classified as a "hate crime" -- also fail to give rise to a cognizable § 1983 claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the unnamed officers and unnamed perpetrators are not cognizable, and this action is DISMISSED WITH PREJUDICE.  Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motions (docket nos. 6, 7), enter judgment, and close the file.

IT IS SO ORDERED.

DATED:12/8/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Kilmer2141.dismiss.frm 3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FREDRICK DON KILMER,

        Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO et al,

        Defendant.

Case Number: CV10-02141 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fredrick Don Kilmer
G-53381
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: December 9, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Kilmer2141.dismiss.frm 3